# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Travis Norwood,**
**Petitioner Below, Petitioner**

**v.) No. 23-79** (Greenbrier County CC-13-2020-C-89)

**Jonathan Frame, Superintendent,**
**Mount Olive Correctional Complex and Jail,**
**Respondent Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Travis Norwood appeals the Circuit Court of Greenbrier County's January 10, 2023, order denying his second petition for a post-conviction writ of habeas corpus.[1] On appeal, the petitioner presents one assignment of error, arguing that his life recidivist sentence violates equal protection principles. Upon our review, we determine oral argument is unnecessary and that a memorandum decision is appropriate. *See* W. Va. R. App. P. 21(c).

In 2017, the petitioner was convicted by a jury of delivery of a controlled substance (heroin), and he was sentenced as a recidivist to life imprisonment. The petitioner appealed to this Court, raising, among other claims, a proportionality challenge to his recidivist life sentence. *See State v. Norwood* ("*Norwood I*"), 242 W. Va. 149, 832 S.E.2d 75 (2019). The Court found that the petitioner's sentence was not unconstitutionally disproportionate because the delivery of heroin involved "an inherent risk of violence to a person." *Id.* at 158, 832 S.E.2d at 84. In reaching that conclusion, the Court distinguished *State v. Lane*, 241 W. Va. 532, 826 S.E.2d 657 (2019), in which the Court reversed a recidivist life sentence on proportionality grounds where the convictions triggering the recidivist life sentence involved "two counts of delivery of a controlled substance—a total of four Oxycodone pills." *Norwood I*, 242 W. Va. at 158, 832 S.E.2d at 158. In the petitioner's case, "however, due to the nature of heroin itself, heroin trafficking clearly warrants application of the recidivist statute." *Id.*

In 2019, the petitioner filed his first petition for a writ of habeas corpus. *See Norwood v. Ames* ("*Norwood II*"), No. 20-0077, 2021 WL 3620458 (W. Va. Aug. 16, 2021) (memorandum decision). The petitioner claimed that he received ineffective assistance of counsel for three reasons, including one implicating his sentence. *Id.* at *3. In particular, he claimed that counsel

---

[1] The petitioner appears by counsel Jeremy B. Cooper; the State appears by counsel Patrick Morrisey, Attorney General, and Andrea Nease Proper, Deputy Attorney General. Since the filing of this case, the Superintendent of Mount Olive Correctional Complex has changed, and the Superintendent is now Jonathan Frame. Accordingly, the Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure.

was ineffective for "convinc[ing]" him to waive a proportionality challenge to his sentence. *Id.* In summarily dismissing that claim, the circuit court pointed to this Court's consideration—and rejection—of a proportionality challenge in *Norwood I*. *See Norwood II*, 2021 WL 3620458, at \*4. In appealing the summary dismissal of his habeas petition to this Court, the petitioner argued that the circuit court erred in failing to appoint counsel or hold a hearing on his claim that counsel was ineffective for failing to "argue against the proportionality of a life sentence on the ground that petitioner's felony conviction in Virginia for eluding police might have been classified as a misdemeanor offense in West Virginia." *Id.* Recognizing that the contention raised before this Court was "different and distinct from" the one argued to the circuit court, as it did not implicate proportionality principles but, rather, whether the petitioner was properly determined to be a recidivist in the first instance, the *Norwood II* Court found no error in the circuit court's refusal to appoint counsel or hold an evidentiary hearing on an issue not raised to the circuit court. *Id.* at \*7.

Initiating the instant proceedings, the petitioner filed his second petition for a writ of habeas corpus in September 2020. The circuit court appointed counsel, who filed an amended petition, which again alleged that the petitioner's recidivist life sentence was unconstitutionally disproportionate, and the petitioner was denied effective assistance when his attorney "failed to offer any mitigation" evidence in the recidivist proceeding. After an omnibus hearing, the court denied habeas relief because this Court decided in *Norwood I* that the petitioner's sentence "did not violate the constitutional requirement of proportionality." And even if recidivist counsel's performance at the recidivist proceeding was objectively unreasonable, the court found this Court's holding in *Norwood I* prevented it from finding that the petitioner was prejudiced by his counsel's substandard performance. The petitioner appeals from the court's January 10, 2023, order denying him habeas relief.

On appeal, the petitioner argues that this Court should determine that his life sentence violates equal protection principles because of the "disparate result in proportionality analysis between this case and . . . *Lane*." In other words, the petitioner does not argue that the circuit court erred in denying him habeas relief on the grounds he asserted below; instead, he raises yet another claim that is "different and distinct" from the ones pursued below. Our general rule is that nonjurisdictional questions raised for the first time on appeal will not be considered. *See* Syl. Pt. 2, *Sands v. Security Trust Co.*, 143 W. Va. 522, 102 S.E.2d 733 (1958) (holding that "[t]his Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance."). Nonetheless, "[a] constitutional issue that was not properly preserved at the trial court level may, in the discretion of this Court, be addressed on appeal when the constitutional issue is the controlling issue in the resolution of the case." Syl. Pt. 2, *Louk v. Cormier*, 218 W. Va. 81, 622 S.E.2d 788 (2005).

"[E]qual protection means the State cannot treat similarly situated people differently unless circumstances justify the disparate treatment." *Kyriazis v. Univ. of W. Va.*, 192 W. Va. 60, 67, 450 S.E.2d 649, 656 (1994). In *Norwood I*, we already determined that the circumstances of the petitioner's case justified a different result from the one reached in *Lane*. Specifically, heroin trafficking involves "an inherent risk of violence to a person," and "heroin . . . is a silent scourge that has saturated our State," resulting in the deaths of "1,086 West Virginians . . . from heroin overdoses" between 2010 and 2017. *Norwood I*, 242 W. Va. at 158, 832 S.E.2d at 84. And even if this Court accepts the petitioner's premise that he and Lane were similarly situated,

2

that is no reason for altering [his] punishment . . . . Judicial discretion naturally leads to discrepancies in sentencing, as [the petitioner] complains. But even wide sentencing discretion in the abstract is not a violation of due process or equal protection. [T]he issue is the appropriateness of the sentence given the defendant's crime: "Discretion, even if it ends in grossly unequal treatment according to culpability, does not entitle a guilty defendant to avoid a sentence appropriate to his own crime."

*State ex rel. Appleby v. Recht*, 213 W. Va. 503, 519, 583 S.E.2d 800, 816 (2002) (quoting *Holman v. Page*, 95 F.3d 481, 486 (7th Cir. 1996)). Thus, we find no merit to the petitioner's equal protection argument, and we find no error in the circuit court's order denying the petitioner habeas relief.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** August 7, 2024

**CONCURRED IN BY:**
Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison

**DISSENTING:**
Justice William R. Wooton
Justice C. Haley Bunn

Wooton, Justice, dissenting:

I respectfully dissent, as I believe that the petitioner's equal protection argument deserves more than the cursory treatment it receives in the majority's brief memorandum opinion.

In *State v. Lane*, 241 W. Va. 532, 826 S.E.2d 657 (2019), this Court reversed Defendant Lane's recidivist life sentence on proportionality grounds, following his convictions on two counts of possession with intent to distribute Oxycodone. Less than two months later the Court affirmed Petitioner Norwood's recidivist life sentence on proportionality grounds, following his conviction on one count of possession with intent to distribute heroin. *State v. Norwood ["Norwood I"]*, 242 W. Va. 149, 832 S.E.2d 75 (2019). The two cases are materially indistinguishable; both involved the distribution to a confidential informant of small quantities of the prohibited drugs,[1] and both defendants had two prior felony offenses, one of which was violent in nature (Defendant Lane's

---

[1] Defendant Lane distributed four Oxycodone pills, *see* 241 W. Va. at 537, 826 S.E.2d at 662, while Petitioner Norwood distributed $221.00 worth of heroin. *See* 242 W. Va. at 154, 832 S.E.2d at 80.

conviction for unlawful wounding) and one which had the potential for violence (Petitioner Norwood's conviction for eluding police).

The disparity of treatment between Defendant Lane and Petitioner Norwood was justified entirely on the basis of what the Court deemed to be "the nature of heroin itself," *Norwood*, 242 W. Va. at 158, 832 S.E.2d at 84, specifically, that "[f]rom the moment of its clandestine creation, heroin is illegal, and is a silent scourge that has saturated our State." *Id*. However, as the dissenting Justice in *Norwood I* explained, the Court's reasoning – that all things being equal, distribution of heroin merits a harsher penalty than distribution of Oxycodone – is wholly inconsistent with West Virginia Code section 60A-4-401(a), the statute under which both Defendant Lane and Petitioner Norwood were charged.

> Under our statutory law, Oxycodone is a Schedule II drug and heroin is a Schedule I drug, but the Legislature has found both drugs to have a "high potential for abuse[.]" Further, *under the express statutory language with which both the defendant in Lane and the petitioner in this case were charged, both Schedule I and Schedule II drugs are treated the same. See* W. Va. Code § 60A-4-401(a) (providing "[e]xcept as authorized by this act, it is unlawful for any person to ... deliver ... a controlled substance. Any person who violates this subsection with respect to: (I) A controlled substance classified in Schedule I or II ...."). Thus, statutorily, both drugs are potentially deadly. Certainly, the majority's discernable rationale, i.e. that heroin carries a more negative public perception plainly does not justify the imposition of a recidivist life sentence.

*Norwood I*, 242 W. Va. at 162, 832 S.E.2d at 88 (Workman, J., dissenting) (emphasis added and footnote omitted)).

In its memorandum opinion affirming the circuit court's denial of habeas corpus relief to Petitioner Norwood, the majority brushes aside his equal protection argument by invoking the sentencing court's discretion, concluding that "'[d]iscretion, even if it ends in grossly unequal treatment according to culpability, does not entitle a guilty defendant to avoid a sentence appropriate to his own crime.' *State ex rel. Appleby v. Recht*, 213 W. Va. 503, 519, 583 S.E.2d 800, 816 (2002) (quoting *Holman v. Page*, 95 F.3d 481, 486 (7th Cir. 1996))." In my view, this broad proposition is antithetical to the constitutional guarantee of equal protection which "is inherent in article three, section ten of the West Virginia Constitution, and the scope and application of this protection is coextensive or broader than that of the fourteenth amendment to the United States Constitution." Syl. pt. 3, in part, *Robertson v. Goldman,* 179 W.Va. 453, 369 S.E.2d 888 (1988). In the absence of a material distinction in the circumstances surrounding their commission of a criminal offense, defendants – even unsympathetic defendants such as Defendant Lane and Petitioner Norwood – have a right to equal treatment under the law.

I express no opinion as to whether *Lane* was correctly decided, as that is not the issue here. Rather, the issue is whether Petitioner Norwood, whose crime was materially indistinguishable from that of Defendant Lane, was entitled to something other than the "grossly unequal treatment" the majority now endorses as a perfectly acceptable result. This issue should be fully and fairly

determined in a signed opinion, with a syllabus point to guide both the Bench and the Bar going forward.

For these reasons, I respectfully dissent.

BUNN, Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument pursuant to Rule 20 of the West Virginia Rules of Appellate Procedure. The petitioner's argument that his life recidivist sentence violates his equal protection rights, found in both the West Virginia Constitution and the United States Constitution, should be fully addressed in a signed opinion.

As the petitioner notes in his brief, this Court, when reviewing his direct appeal challenging the proportionality of his sentence, affirmed his life recidivist sentence triggered by delivering heroin, yet in another case decided the previous month, *reversed* a life recidivist sentence triggered by delivering oxycodone. *Compare State v. Norwood*, 242 W. Va. 149, 157-58, 832 S.E.2d 75, 83-84 (2019) (affirming the petitioner's life recidivist sentence), *with State v. Lane*, 241 W. Va. 532, 539, 826 S.E.2d 657, 664 (2019) (reversing a life recidivist sentence). Regarding the petitioner's sentence, this Court reasoned that "due to the nature of heroin itself, heroin trafficking clearly warrants application of the recidivist statute." *Norwood*, 242 W. Va. at 158, 832 S.E.2d at 84. It further concluded that "[t]he delivery and ultimate use of heroin carries with it an inherent risk of violence to a person." *Id.* Previously in *Lane*, however, the Court reversed a defendant's life recidivist sentence where the third felony was delivery of oxycodone, finding that "the facts surrounding the final triggering offense . . . –the delivery of four [o]xycodone pills–did not involve any actual or threatened violence," and further reasoning that "[t]here was "no testimony or evidence, whatsoever, to support any type of violence or even perceived violence surrounding the controlled buys of [o]xycodone." *Lane*, 241 W. Va. at 539, 826 S.E.2d at 664. In examining the proportionality of the individual petitioners' sentences, this Court treated the crimes of delivering heroin and delivering oxycodone differently for the purposes of the recidivist statute in effect at the time. *See State v. Hoyle*, 242 W. Va. 599, 614-15, 836 S.E.2d 817, 832-33 (2019) (recognizing that circumstances analyzed in *Lane* and *Norwood* "were nearly identical facts"). The Court's contrasting treatment of drug crimes, and whether the resulting potential disparity in petitioner's sentence violates any of the petitioner's equal protection rights, deserve a full and considered opinion.